## TATERKA
### v.
### BROWNELL, Atty. Gen.

United States District Court
S. D. New York.
Nov. 23, 1953.

James J. Cally, New York City, for plaintiff.

Dallas S. Townsend, Asst. Atty. Gen., James D. Hill, Chief, Litigation Branch, David Schwartz and Ernest S. Carsten, Attys., Office of Alien Property, Dept. of Justice, Washington, D. C., and J. Edward, Lumbard, U. S. Atty., Milton E. Lacina, Asst. U. S. Atty., New York City, for defendant.

SUGARMAN, District Judge.

Defendant moves for summary judgment in a suit brought against him by plaintiff, a citizen of the United States under Title 50 U.S.C.A.Appendix, § 9 (a).

The basic question posed is whether a non-enemy stockholder of an enemy-domiciled corporation may have the value of his stock out of the assets of said corporation seized pursuant to the act.

I am constrained to hold that he may, because of language in the dissenting opinion in Kaufman, v. Societe Internationale Pour Participations Industrielles et Commerciales, S. A., 343 U.S. 156 at page 168, 72 S.Ct. 611, at page 617, 96 L. Ed. 853.

In that case the prevailing opinion states, 343 U.S. at page 159, 72 S.Ct. at page 613, 96 L.Ed. 853,

"Our holding is that when the Government seizes assets of a corporation organized under the laws of a *neutral* country, the rights of innocent stockholders to an interest in the assets proportionate to their stock holdings must be fully protected. This holding is not based on any technical concept of derivative rights appropriate to the law of corporations. It is based on the Act which enables one not an enemy as defined in § 2 to recover any interest, right or title which he has in the property vested. The innocent stockholder may not have title to corporate assets, but he does have an interest which Congress has indicated should not be confiscated merely because some others who have like interests are enemies." (Emphasis supplied.)

I would be indisposed to ascribe to that language a meaning that the same result necessarily obtained where the corporation was *enemy-domiciled* but for the construction placed upon the majority opinion by the dissent. Mr. Justice Reed, with whom The Chief Justice and Mr. Justice Minton joined, warned at page 168 of 343 U.S., at page 617 of 72 S.Ct., 96 L.Ed. 853, that

"We see no real difference, as to liability to have assets vested under the Trading with the Enemy Act, between a corporation *enemy-dominated* as this is alleged to be and an *enemy-domiciled* corporation producing munitions of war for use against the United States. The Court's opinion refers only to *enemy-dominated neutral* corporations but the theory of recovery for

'friendly stockholders appears to be equally applicable to friendly stockholders of *enemy corporations*."

(Emphasis supplied.)

Although that question was not then before the Court, I feel bound to accept the result, determinative of the issue here posed, which the minority said would flow from the holding, particularly when the majority chose to remain mute thereon.

Accordingly, defendant's motion for summary judgment is denied.

Settle order.